L. FERIOZZI CONCRETE COMPANY, PLAINTIFF–RESPONDENT,
v. MELLON STUART COMPANY, ET AL.,
DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 8, 1988—Decided April 14, 1988.

Before Judges DREIER, BAIME and ASHBEY.

*Horn, Kaplan, Goldberg, Gorny & Daniels* attorneys for appellant (*John J. Markwardt,* on the letter brief).

*Brown & Connery* attorneys for respondent (*John L. Conroy, Jr.,* on the letter brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Leave to appeal from the order denying admission of John R. Dingess, a member of the Pennsylvania Bar, *pro hac vice* is granted. This court has elected to consider the matter on its merits on the motion papers alone simultaneously with the motion for leave to appeal. *R.* 2:11–2.

Mr. Dingess practices with the Pennsylvania law firm of Kirkpatrick & Lockhart which has represented defendant Mellon Stuart Co. for approximately 20 years. Mr. Dingess personally has represented the client for the past eight years during which time he has developed experience with the client and expertise in construction litigation. In his application made through New Jersey counsel for admission *pro hac vice,* both the attorney and the client claimed that on the basis of their long-standing relationship, the complexity of the case to be tried, and the probable necessity of extensive discovery in Pittsburgh, admission should be granted under *R.* 1:21–2(a)(4)(i), (ii) and (v).

The trial judge initially denied the *pro hac vice* admission noting on the order: "No special technical expertise needed." In an earlier motion before this court we remanded the matter to the trial judge for a full consideration of all of the potential reasons for admission set forth in *R.* 1:21–2(a)(4). The judge again denied admission *pro hac vice,* and Mellon Stuart Co. again sought review by this court.

Unfortunately, New Jersey counsel failed to notify the trial judge that leave to appeal was being sought and also failed to determine that the trial judge had placed an extensive statement of his reasons for denying the application on the record. Not being apprised of the full compliance by the trial judge with the terms of our prior remand, we again remanded for a statement of reasons, and the trial judge has furnished us with a copy of the transcript and an additional letter explaining his decision. We appreciate the trial judge's full compliance with our prior orders and expeditious response to each of them. We

suggest that the cost of preparation of the transcript ordered by the court be assessed against Mellon Stuart Co. which should have provided the transcript to us with its previous motion.

The trial judge acknowledged the long-standing relationship between Mellon Stuart Co. and its Pennsylvania counsel. He determined, however, that the nature of the matter before him would require minimal discovery in Pennsylvania, since most of the depositions could be held in New Jersey. Defendant, however, still claims that there is much documentary discovery that must be carried out in Pittsburgh. The judge further determined that the technical aspects of the construction litigation were not so complex that New Jersey counsel could not prepare himself adequately to try the case. In his denial of the admission the trial judge relied primarily upon a Supreme Court order denying motion for leave to appeal in *Campbell v. Raymark Industries, Inc.*, Supreme Court Docket No. M–372, September Term 1987, dated December 8, 1987. This order, however, does not appear to have been published. The order reads:

> This matter having been duly presented to the Court, and it appearing that because the matter primarily involves a discretionary application of *Rule* 1:21–2, the *pro hac vice* admission Rule, the Court declines to disturb the trial court's ruling, except to note that ordinarily applications to be admitted *pro hac vice* should be granted when timely made in cases involving complex fields of specialization, *and* attorney-client relationship over an extended period of time that predates the matter, *and* the absence of a potential for delay or disruption of the trial—authorization of admission may be conditioned upon the availability of foreign counsel to proceed on an assigned trial date, and New Jersey counsel must be prepared to proceed if foreign counsel is not available or ready;
>
> It is therefore ORDERED that the motion for leave to appeal is denied. [emphasis supplied].

The trial judge read the emphasized portions of the order as being conjunctive rather than disjunctive. This is understandable, given the sentence structure employed by the Court.

We have, however, analyzed the order against the provisions of *R.* 1:21–2(a)(4) and note that the rule requires only a showing of "at least one" of the five specific or one general reason stated in the six subparts to the rule. Each of the subparts is

clearly separated by the word "or". The Supreme Court order, of course, could be read as merely treating the case before it. In that case there may have been countervailing considerations which, in the exercise of the trial judge's discretion, outweighed the elements described in the Supreme Court order, but all of which were present; thus explaining the use and repetition of the word "and."

In the case before us we have been informed of no countervailing considerations. The trial judge's apprehension that out-of-state counsel may not appear for trial is not a valid basis to deny admission. The Supreme Court has made it clear both in the quoted order and in the rule that the admission of the out-of-state attorney may be conditioned upon his or her availability to proceed on an assigned trial date, and that the New Jersey counsel must be prepared to take over representation if this condition is not satisfied.

While *R.* 1:21–2 is clearly discretionary, the discretion of the trial judge may not be exercised arbitrarily. We, of course, recognize that if there were any factors noted by the trial judge militating against admission, he could have weighed these factors against the standards set forth in the court rule and in his discretion still denied admission. We accept for the purpose of this motion the judge's analysis that neither the difficulty of the matter nor necessary Pennsylvania discovery satisfied the conditions of the rule. But, since the judge has determined that counsel satisfies the condition that "there has been an attorney-client relationship with the client for an extended period of time," *R.* 1:21–2(a)(4)(ii), and there are no countervailing considerations, the motion for admission *pro hac vice* should have been granted.

Parenthetically, we note that the mere presence of New Jersey attorneys who could adequately have handled the matter is not a valid consideration, since if this were to be an overriding disqualifying factor, subsection (iii) (lack of local counsel

with adequate expertise in the field), would be elevated to a precondition for the operation of the rule.

The order appealed from is reversed, and the matter is remanded to the Law Division with a direction to admit Mr. Dingess *pro hac vice*.